J-A19003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RACHEL ANDREWS, INDIVIDUALLY, AND M.B., A MINOR, BY RACHEL ANDREWS, HIS PARENT AND NATURAL GUARDIAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 109 EDA 2021 |
| THE DEVEREUX FOUNDATION, THE DEVEREUX FOUNDATION D/B/A DEVEREUX ADVANCED BEHAVIORAL HEALTH, THE DEVEREUX FOUNDATION D/B/A DEVEREUX ADVANCED BEHAVIORAL HEALTH PENNSYLVANIA, THE DEVEREUX FOUNDATION D/B/A DEVEREUX PENNSYLVANIA, THE DEVEREUX FOUNDATION D/B/A DEVEREUX BENETO CENTER, THE DEVEREUX FOUNDATION D/B/A DEVEREUX CHILDREN'S BEHAVIORAL HEALTH SERVICES A/K/A CBH, THE DEVEREUX FOUNDATION D/B/A CHILDREN'S BEHAVIORAL HEALTH SERVICES BRANDYWINE PROGRAMS, THE DEVEREUX FOUNDATION D/B/A DEVEREUX CHILDREN'S BEHAVIORAL HEALTH CENTER, A/K/A DCBHC ACUTECARE, THE HELENA DEVEREUX FOUNDATION A/K/A HDF, DEVEREUX PROPERTIES, INC., DEVEREUX SCHOOLS, INC., DEVEREUX SCHOOLS, DEVEREUX BRANDYWINE, DEVEREUX DAY SCHOOL BRANDYWINE, DEVEREUX BRANDYWINE HIGH SCHOOL, DEVEREUX BRANDYWINE MIDDLE SCHOOL, AND ROBERT FLOOD | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | |

J-A19003-21

APPEAL OF: THE DEVEREUX :
FOUNDATION, THE DEVEREUX :
FOUNDATION D/B/A  DEVEREUX :
ADVANCED BEHAVIORAL HEALTH, :
THE DEVEREUX FOUNDATION  D/B/A :
DEVEREUX ADVANCED BEHAVIORAL :
HEALTH PENNSYLVANIA,  THE :
DEVEREUX FOUNDATION D/B/A :
DEVEREUX PENNSYLVANIA,  THE :
DEVEREUX FOUNDATION D/B/A :
DEVEREUX BENETO CENTER,  THE :
DEVEREUX FOUNDATION D/B/A :
DEVEREUX CHILDREN'S :
BEHAVIORAL HEALTH SERVICES :
A/K/A CBH, THE DEVEREUX :
FOUNDATION  D/B/A CHILDREN'S :
BEHAVIORAL HEALTH SERVICES :
BRANDYWINE PROGRAMS,  THE :
DEVEREUX FOUNDATION D/B/A :
DEVEREUX CHILDREN'S :
BEHAVIORAL HEALTH CENTER, :
A/K/A DCBHC ACUTECARE, THE :
HELENA  DEVEREUX FOUNDATION :
A/K/A HDF, DEVEREUX PROPERTIES, :
INC.,  DEVEREUX SCHOOLS, INC., :
DEVEREUX SCHOOLS, DEVEREUX :
BRANDYWINE,  DEVEREUX DAY :
SCHOOL BRANDYWINE, DEVEREUX :
BRANDYWINE HIGH SCHOOL, :
DEVEREUX BRANDYWINE MIDDLE :
SCHOOL

Appeal from the Order Entered December 9, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 200201692


BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 6, 2021**

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

Appellants, defendants below ("Devereux"), appeal from the December 9, 2020 Order denying their Motion for Protective Order. After careful review, we quash this appeal in part and reverse and remand with instruction in part.

The relevant facts and procedural history are as follows. On February 14, 2020, Appellees, Rachel Andrews and M.B., her son, filed a Complaint against Devereux asserting, *inter alia*, that Devereux was negligent, reckless, and grossly negligent in failing to protect M.B. from sexual and physical assaults that occurred while M.B. was in Devereux's care. On September 11, 2020, Appellees served an Amended Notice of Deposition issued to Carl E. Clark, II, Devereux's Chief Executive Officer. The Amended Notice of Deposition included a *duces tecum* clause requesting that Clark produce certain enumerated documents at his deposition.

On October 15, 2020, Devereux filed a Motion for Protective Order to preclude Appellees from deposing Clark, arguing that the court should prevent Clark from the "annoyance, embarrassment, oppression[,] and undue burden" of a deposition because Appellees had not demonstrated that Clark had "unique or superior personal knowledge of discoverable information." Motion, 10/15/20, at ¶ 37 (citing Pa.R.C.P. 4011). Notably, Devereux did not present any request, or argument in support of a request, that the trial court quash the *duces tecum* portion of the Amended Notice of Deposition and order that it not produce the documents sought by Appellees. The trial court granted the Motion on November 20, 2020, and ordered that Clark not "reappear" for deposition. Order, 11/20/20.

On December 1, 2020, Appellees filed a Motion for Reconsideration of the court's Order granting Devereux's Motion for Protective Order. In the Motion Appellees brought to the court's attention that, notwithstanding the language of the court's Order, Clark had never appeared for deposition and, thus, that by its November 20, 2020 Order, the court had precluded Appellees from ever deposing Clark.

Eight days later, on December 9, 2020, without first permitting Devereux to respond to Appellees' Motion for Reconsideration, the trial court entered an Order granting it. In so doing, the court affirmatively reversed its earlier order by denying Devereux's Motion for Protective Order and compelling Clark to appear for deposition within twenty days. The court also ordered Devereux to produce the enumerated documents requested in the *duces tecum* clause of Appellees' Amended Notice of Deposition, with the exception of documents memorializing prior complaints of sexual abuse by other Devereux residents.

Devereux filed a Notice of Appeal from the court's December 9, 2020 Order denying its Motion for Protective Order. Both Devereux and the trial court have complied with Pa.R.A.P. 1925.

Devereux raises three issues on appeal:

1. Did the trial court commit procedural errors by failing to allow Devereux to respond to [Appellees'] reconsideration motion and misapplying the reconsideration standard?

2. Should this Court hold, under the Apex Doctrine or Civil Rule 4011, that Devereux's President and CEO may not be deposed because he lacks special knowledge of the facts here and

> [Appellee] can obtain that information from other Devereux Personnel?
>
> 3. Did the trial court err in ordering Devereux's President and CEO to bring to a deposition an array of confidential documents shielded by mental health and child protection laws and the attorney-client privilege and that are irrelevant to this case?

Devereux's Brief at 4 (reordered for ease of disposition).

Before we reach the merits of Devereux's claims, we must consider whether the trial court's Order is appealable. *In re Miscin*, 885 A.2d 558, 560-61 (Pa. Super. 2005). "The question of the appealability of an order goes directly to the jurisdiction of the Court asked to review the order." *Moyer v. Gresh*, 904 A.2d 958, 963 (Pa. Super. 2006) (citation omitted).

The instant Order contains two distinct directives: (1) compelling Clark to appear for a deposition; and (2) directing Clark to produce certain enumerated documents. Devereux asserts both parts of the Order are appealable under the collateral order doctrine. *See* Pa.R.A.P. 313.

Pennsylvania Rule of Appellate Procedure 313 defines a collateral order as one that: "1) is separable from and collateral to the main cause of action; 2) involves a right too important to be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost." *In re Bridgeport Fire Litigation*, 51 A.3d 224, 230 n.8 (Pa. Super. 2012); Pa.R.A.P. 313(b). Our Supreme Court has emphasized that:

> the collateral order doctrine is a specialized, practical application of the general rule that only final orders are appealable as of right. Thus, Rule 313 must be interpreted narrowly, and the

- 5 -

requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule. To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.

*Melvin v. Doe*, 836 A.2d 42, 46-47 (Pa. 2003) (internal citation omitted).

The parties here agree that the appealed order is separable from and collateral to the main cause of action in that it is capable or review without considering the merits of the underlying case.  We agree and we, thus, focus on the second and third elements—importance and irreparable loss.

To determine whether an issue is sufficiently important to allow review of an interlocutory order pursuant to the collateral order doctrine, a court should "weigh the interests implicated in the case against the costs of piecemeal litigation." *Ben v. Schwartz*, 729 A.2d 547, 552 (Pa. 1999). "[I]t is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Id.* (quoting *Geniviva v. Frisk*, 725 A.2d 1209, 1213-14 (Pa. 1999)).  Often "[p]rivilege can be a right too important to be denied review." *Jacksonian v. Temple Univ. Health Sys. Found.*, 862 A.2d 1275, 1280 (Pa. Super. 2004).

Irreparable loss results from postponement of review if no effective means of review exist after the entry of final judgment. *See Schwartz*, 729 A.2d at 552.

**Clark's Deposition**

With respect to the application of the second element of the collateral order doctrine to the portion of the Order directing Clark to appear for a

deposition, Devereux does not assert that Appellees have sought any privileged information; rather, it asserts that forestalling Appellees "attempt to weaponize discovery as a litigation device" necessitates interlocutory review. Answer to Motion to Quash, 3/15/21, at 8.[1] Devereux baldly claims, without citation to any authority, that "[p]rotecting parties from an adversary's abuse of the liberal discovery standard as a litigation tactic is an important issue that extends well beyond this case and these parties."[2] ***Id.*** at 11. We are unpersuaded.

Our review indicated Devereux's appeal from this portion of the discovery Order does not implicate the rights beyond those of the parties involved. That Mr. Clark wished to be protected from "annoyance, embarrassment, oppression[,] and undue burden" because he allegedly did not have any particularized, unique, or superior knowledge is not a compelling

---

[1] Appellees filed in this Court a Motion to Quash Devereux's appeal as interlocutory and Devereux filed an Answer to the Motion. We denied Appellees' Motion without prejudice to their right to again raise this issue in their Brief. Appellees re-raised this jurisdictional issue in their Brief, but Devereux did not address the issue and, instead, merely asserted that we have jurisdiction over this appeal pursuant to Pa.R.A.P. 313. Accordingly, we glean the basis for Devereux's argument in support of jurisdiction exclusively from its Answer to Appellees' Motion to Quash.

[2] In support of this claim, Devereux relies on, urges this Court to adopt, and cites extensively to cases applying the "Apex Doctrine," which Devereux explains is "an analytical framework used by courts in assessing whether to permit the depositions of individuals at the 'apex' of corporations and other entities." ***United States ex rel. Galmines v. Novartis Pharm. Corp.***, No. CV 06-3213, 2015 WL 4973626, at *1 (E.D. Pa. Aug. 20, 2015). Pennsylvania has not adopted the Apex Doctrine, and we decline to consider doing so here.

public policy interest necessitating interlocutory review. Thus, Devereux's argument—that the portion of the trial court's Order compelling Mr. Clark to appear for a deposition implicates an interest that goes beyond this particular litigation—fails.[3] We, therefore, quash as interlocutory Devereux's appeal from the portion of the Order directing Mr. Clark to appear for a deposition.

**Document Production**

The remaining portion of the appealed Order compels Devereux to produce certain enumerated documents including: (1) documents relied upon in preparing press releases or communicating with the press about issues giving rise to the instant suit; (2) documents relating to the events alleged in Appellees' complaint; (3) documents pertaining to Devereux's "Independent Safety Audit;" and (4) Devereux's policies, procedures, or protocols relating, *inter alia*, to supervision of residents, employee screening, training, and monitoring, room assignments and monitoring, and reporting criminal incidents. Amended Notice of Deposition, 9/11/20, at 2. Devereux asserts that this portion of the Order satisfies the second prong of the collateral order doctrine because it "had the [e]ffect of requiring Mr. Clark to produce confidential documents that are protected from disclosure by statute(s) [including the Pennsylvania Child Protective Service Law, the Mental Health

---

[3] In light of our conclusion that this portion of the Order does not satisfy the second element of the collateral order doctrine, we need not address whether it satisfies the third element.

Procedures Act, and the Mental Health and Intellectual Disability Act of 1966]
and the attorney-client privilege." Answer to Motion to Quash at 14.

We agree with Devereux that the portion of the trial court's Order
directing it to produce documents arguably protected by various statutory
privileges and the attorney-client privilege implicates a right too important to
be denied interlocutory review.

This portion of the Order also satisfies the third element of the collateral
order doctrine because, once disclosed, privileged material loses its
confidentiality and the right to prevent its disclosure is irreparably lost. **See
Shearer v. Hafer**, 177 A.3d 850, 857-58 (Pa. 2018) (explaining that "orders
overruling claims of privilege and requiring disclosure are immediately
appealable under Pa.R.A.P. 313" because once "the bell has been rung, [it]
cannot be unrung by a later appeal.") (citations omitted). We, thus, proceed
to consider Devereux's challenge to the portion of the Order requiring it to
produce the documents listed in the subpoena *duces tecum* clause of the
Amended Notice of Deposition.

**Devereux's Claims**

First, Devereux argues that the trial court erred by reversing its earlier
order in response to Appellees' contested Motion for Reconsideration before
waiting the twenty-day response period required by the Pennsylvania Rules of
Civil Procedure and the Philadelphia County Local Rules and without permitting
Devereux an opportunity to respond to the Motion. *Id.* at 28. We agree.

Pennsylvania Rule of Civil Procedure 208.3 provides, in relevant part:

**Rule 208.3. Alternative Procedures**

(a) Except as otherwise provided by subdivision (b), the court shall initially consider a motion without written responses or briefs. **For a motion governed by this subdivision, the court may not enter an order that grants relief to the moving party unless the motion is presented as uncontested or the other parties to the proceeding are given an opportunity for an argument**.

[*Note*:] Rule 239.3(d) requires every court to promulgate Local Rule 208.3(a) describing the local court procedure governing motions under this rule.

\* \* \*

(b) A court, by local rule, numbered Local Rule 208.3(b), may impose requirements with respect to motions listed in the rule for the filing of a response, a brief or both. **Where a response is required, any party opposing a motion governed by Local Rule 208.3(b) shall file the response within twenty days after service of the motion, unless the time for filing the response is modified by court order or enlarged by local rule.**

\* \* \*

[*Note*:] A response shall be filed by any party opposing a motion governed by subdivision (b) even if there are no contested issues of fact because the response is the opposing party's method of indicating its opposition.

Pa.R.C.P. 208.3 (emphasis added). Philadelphia Local Rule 208.3 provides, in

pertinent part:

**Rule \*208.3(a). Motions Initially Considered Without Written Response or Briefs**

\* \* \*

**(3) Motions for Reconsideration.** Motions for Reconsideration shall be forwarded to the appropriate judge immediately upon filing, and the filing party must serve a copy of the motion as provided in subsection (b)(3)(C). In appropriate cases, the

assigned judge may enter a preliminary order vacating the order in question pending receipt of the response to the motion.

Phila. Civ .R. *208.3(a)(3).

**Rule *208.3(b). Motions Considered After Response Period. Briefs.**

\* \* \*

**(2) Non-Discovery Motions.**

\* \* \*

(B) *Control Number*. *Response Date*. Other than as provided in Phila.Civ.R. *208.3(a) and except for Summary Judgment Motions (which have a thirty (30) day response period), all Motions have a twenty (20) day response period. Upon filing, the Motion Clerk shall enter on the Cover Sheet a unique Control Number which must be used on all Responses, and shall enter the 'Response Date' on or before which all Responses must be filed by any party.

Phila. Civ. R. *208.3(b)(2)(B).

This Court has previously vacated and remanded for further proceedings where a trial court failed to comply with the requirements of Rule 208.3. *See Cove Centre, Inc. v. Westhafer Const., Inc.*, 965 A.2d 259, 264 (Pa. Super. 2009) (vacating trial court's order granting contested motion for sanctions entered without providing an opportunity to respond, convening oral argument, or holding an evidentiary hearing). *See also In re Bridgeport Fire Litigation*, 5 A.3d 1250, 1259-60 (Pa. Super. 2010) (holding trial court's order granting motion for compensation of claims administrator denied respondents opportunity to respond and object, where court granted motion prior to expiration of 30-day response deadline set forth in Montgomery County Local Rule 208.3(b)(2); remanding with instructions that court require

notice and opportunity to object as provided in relevant rules of court prior to issuing order).

Instantly, Appellees filed a Motion for Reconsideration on December 1, 2020. Under state and local rule 208.3(b), Devereux had twenty days to respond to Appellees' Motion. **See** Pa.R.C.P. 208.3(b); Phila. Civ. R. *208.3(b)(2)(B). Thus, Devereux's Response was due on or before December 21, 2020. Prior to expiration of the twenty-day response period, however, the court granted Appellees' Motion for Reconsideration, denied Devereux's Motion for Protective Order, and directed Devereux to produce arguably privileged documents. This was error. Because the trial court erred in depriving Devereux of the opportunity to respond to Appellees' Motion for Reconsideration, we vacate the portion of the court's December 9, 2020 Order directing Devereux to produce documents and remand for further proceedings on that issue.[4]

Appeal quashed in part and order vacated in part; case remanded for further proceedings. Jurisdiction relinquished. Case stricken from argument list.

---

[4] In light of our disposition, we need not address Devereux's remaining issues on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/6/2021